**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Otis Daniels


        v.                                    Civil No. 05-cv-348-PB


Larry Blaisdell, Warden, et al.


### O R D E R


        Before the Court is Otis Daniels' petition for a writ of

habeas corpus filed pursuant to 28 U.S.C. § 2254 (document no.

1).  The petition is before me for preliminary review.  See Rule

4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rule")

(requiring initial review to determine whether the petition is

facially valid); see also United States District Court for the

District of New Hampshire Local Rule ("LR") 4.3(d)(2)

(authorizing the magistrate judge to preliminarily review *pro se*

pleadings).

### Standard of Review

        Under this Court's local rules, when an incarcerated

plaintiff commences an action *pro se*, the magistrate judge is

directed to conduct a preliminary review and to prepare a report

and recommendation determining whether the action or any portion

thereof should be dismissed because:

> (i) the allegation of poverty is untrue, the
> action is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, or seeks
> monetary relief from a defendant who is immune
> from such relief under 28 U.S.C. § 1915A(b); or

> (ii) it fails to establish subject matter
> jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2).  In conducting the preliminary review, the Court

construes *pro se* pleadings liberally.  See Ayala Serrano v.

Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following

Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se*

pleadings liberally in favor of the *pro se* party).  "The policy

behind affording *pro se* plaintiffs liberal interpretation is that

if they present sufficient facts, the court may intuit the

correct cause of action, even if it was imperfectly pled."  Ahmed

v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied,

Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions

made by the plaintiff and inferences reasonably drawn therefrom

must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3

(1st Cir. 1996) (stating the "failure to state a claim" standard

of review and explaining that all "well-pleaded factual

averments," not bald assertions, must be accepted as true).  This

review ensures that *pro se* pleadings are given fair and

meaningful consideration.  See Eveland v. Dir. of C.I.A., 843

F.2d 46, 49 (1st Cir. 1988).

## Background

Daniels is an inmate at the Northern New Hampshire

Correctional Facility.  He was convicted on September 25, 2002 of

felonious sexual assault and sentenced to three and a half to

seven years in prison.  Daniels' conviction was affirmed by the

New Hampshire Supreme Court ("NHSC") on November 24, 2004.  The

appeal to the NHSC contained one issue regarding the failure of

the trial court to suppress out of court identification of

Daniels by the complaining witnesses, in violation of Daniels'

due process rights.  Petitioner now alleges a number of

additional federal constitutional issues, including ones that

were ripe for appellate review and raised in the notice of appeal

but not briefed in his appeal to the NHSC.  The issues raised in

this petition are as follows:

   –   Daniels was denied due process rights guaranteed by the
       Fifth and Fourteenth Amendments when the trial court
       failed to suppress the out-of-court identification of
       him using a suggestive photographic line-up;

- Daniels was denied due process rights guaranteed by the Fifth and Fourteenth Amendments when he was denied court funds to consult with and utilize an expert in suggestive identification, cross-racial identification and eyewitness identification in contesting the admissibility of the out-of-court identification made pursuant to the allegedly suggestive photographic line-up;

- Daniels was denied his Sixth Amendment right to confrontation when he was denied the use of documentary and testimonial impeachment evidence;

- Daniels was denied his Fifth and Fourteenth Amendment rights to due process as well as his Sixth Amendment right of confrontation when the trial court denied his request for a mistrial when the prosecution withheld exculpatory impeachment evidence;

- Daniels was denied his Fifth and Fourteenth Amendment rights to due process as well as his Sixth amendment right of confrontation when the trial court refused to strike the testimony of a witness that petitioner was not able to fully impeach;

- Daniels was denied his Fifth Amendment right to be indicted by a grand jury when he was tried on an indictment brought by the prosecutor that was not presented to the grand jury;

- Daniels was denied his Sixth Amendment right to the effective assistance of trial counsel when his attorney failed to object to the indictment brought that was not presented to the grand jury;

- Daniels was denied his Sixth Amendment right to the effective assistance of trial counsel when his attorney "failed to give the state's case against him a meaningful adversarial challenge";

- Daniels was denied his Sixth Amendment right to the effective assistance of appellate counsel when his

> attorney omitted significant and meritorious issues
> from his appellate brief that were raised in his notice
> of appeal or otherwise preserved in the record;
>
> –   Daniels was denied his Fifth and Fourteenth Amendment
>     rights to due process when he was subjected to a
>     malicious prosecution.

Only one of these issues, the issue as to whether or not Daniels' due process rights were violated by the trial court's denial of his motion to suppress the photographic lineup, was presented to the NHSC in Daniels' appellate brief and considered by that Court on appeal.  Four of these issues, those alleging a denial of expert funds, a denial of impeachment evidence, the withholding of exculpatory evidence, and the denial of Daniels' trial motion to strike testimony, were raised in the notice of appeal but not argued in the brief and therefore waived.  The remaining issues presented were not raised in the notice of appeal or on direct appeal in any fashion.  Daniels' petition is silent as to whether any of the remaining issues were raised before the state courts in any post-conviction litigation. Accordingly, it appears that those issues have not been exhausted.

Discussion

To be eligible for habeas relief, Daniels must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  See 28 U.S.C. § 2241 and § 2254(a) & (b); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct. of Mass., 663 F.2d 355, 358-59 (1st Cir. 1981).  Daniels satisfies the first requirement as he is currently serving his sentence and is thus in custody.  However, the petition does not establish satisfaction of the exhaustion requirement at this time.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have

fairly presented the federal nature of his claims to the state

courts to give them the first opportunity to remedy the claimed

constitutional error).

To date, it does not appear that Daniels has exhausted most

of the claims in his petition.[1]   Rather than dismiss the

petition entirely for failing to demonstrate exhaustion of each

claim, I will direct Daniels to amend his petition to include,

for each claim presented in his petition, documentation,

including motions, petitions, notices of appeal, briefs, or other

pleadings showing that the issues presented here, including the

precise federal nature of the issues, were in fact presented to

the state courts for consideration.  See Smith v. Digmon, 434

U.S. 332, 333 (1978) (listing documents which would enable a

federal court to determine whether the grounds supporting the

habeas petition had been presented for review in the state

courts).  Daniels may have to return to the state courts to fully

---

[1]Daniels asserts generally that any failure to exhaust is
the result of a lack of available state corrective processes.  As
Daniels offers no specifics to support this assertion, has made a
direct appeal of his conviction and presents no reason why he
could not avail himself of post-conviction avenues of relief such
as a new trial motion or petition for a writ of habeas corpus in
the state court, I will not consider that assertion further.

present these claims in those courts before he can make the

required amendment to his current petition.

2.   Stay

The Supreme Court has recently decided that a district court

should stay a mixed petition containing both exhausted and

unexhausted claims if the petitioner "has good cause for his

failure to exhaust, his unexhausted claims are potentially

meritorious, and there is no indication that the petitioner

engaged in intentionally dilatory litigation tactics."  Rhines v.

Weber, 125 S.Ct. 1528, 1535 (2005); see also Duncan v. Walker,

533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) ("There is

no reason why a district court should not retain jurisdiction

over a meritorious claim and stay further proceedings pending the

complete exhaustion of state remedies.").  Staying unexhausted

claims is "the preferable course in many cases involving 'mixed'

petitions – and it may be the only appropriate course in cases in

which an outright dismissal threatens to imperil the timeliness

of a collateral attack."  Neverson v. Bissonnette, 261 F.3d 120,

126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d

7, 14 n.5 (1st Cir. 2001) (recommending staying exhausted claims

where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").

If Daniels has not engaged in any state court litigation challenging his conviction and sentence since the NHSC affirmed his conviction on November 24, 2004, the dismissal of this petition may well imperil the timeliness of Daniels' properly exhausted claim regarding the suppression of the photographic lineup.  Further, liberally construing the petition as I must, I find that while petitioner has not at this time made a specific showing of good cause for his failure to exhaust all of his claims, he has demonstrated a substantial effort to exhaust his claims in state court and, being a *pro se* litigant, it stands to reason that Daniels may simply not have realized the necessity of raising each ground presented here in the state courts within the limitations period.  See Rhines, 125 S.Ct. at 1536 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner." (internal citation omitted)); see also id. (Souter, J., concurring) (*pro se* habeas petitioners do not come well trained to address tricky exhaustion determinations).  It may also be the case that Daniels has raised

some or all of his claims in state court pleadings that have not
yet been brought to the attention of this Court.

Further, I cannot conclude at this stage of the proceedings
that Daniels' claims, if true, could not present meritorious
challenges to his conviction and/or sentence.  I further find
that there is nothing before the Court to indicate that "the
petitioner engaged in intentionally dilatory litigation tactics"
either in pursuing his claims in the state courts or in this
Court.  Rhines, 125 S.Ct. at 1535.  Under these circumstances,
the proper course of action is to stay this petition pending the
exhaustion of all of the claims and compliance with this Order.

Daniels also has the option of foregoing his unexhausted
claims and proceeding promptly with his sole exhausted claim.
Daniels should be advised that in doing so, he will likely waive
ever having his other issues considered by this Court due to the
prohibition against second or successive habeas petitions.  See
28 U.S.C. § 2244; Pratt v. United States, 129 F.3d 54, 56-58 (1st
Cir. 1997).

### Conclusion

Daniels is ordered to amend his petition within thirty days
of the date of this Order to notify this Court as to whether (1)

he has already exhausted all of his claims and to demonstrate
exhaustion here, or (2) he intends to return to the state court
to complete exhaustion prior to amending his petition to
demonstrate exhaustion here, or (3) that he chooses to forego his
unexhausted claims and proceed only on his single exhausted
claim.  If Daniels chooses to exhaust his unexhausted claims
prior to filing his amended petition, he must commence state
court action to exhaust the unexhausted claims within thirty days
of the date of this Order.

If Daniels notifies the Court that he intends to commence a
state court action to complete exhaustion of his claims, the
petition will be stayed pending exhaustion of Daniels'
unexhausted claims.  If the petition is stayed to allow Daniels
to exhaust his claims, Daniels is ordered to contact this Court
every 90 days while seeking exhaustion of his claims, beginning
90 days from the date of the Order staying his petition, to
notify the Court that the matter is still pending in the state
courts and has not been decided, or to report any change in the
status of the state court proceedings.  When the New Hampshire
Supreme Court has ruled on his claims, and the claims are thus
exhausted, Daniels must, within 30 days of being notified of the

Supreme Court's final ruling, notify this Court of that ruling, submit to this Court the New Hampshire Supreme Court's ruling, as well as all briefs or other pleadings filed in that court, and file a request that this Court further consider his petition.[2] Failure to amend his petition to demonstrate timeliness and to notify the Court of his intentions as to how he wishes to proceed with his unexhausted claims, or failure to comply with the notification requirements of this Order may result in the dismissal of the petition for failing to demonstrate exhaustion of all of the claims presented.[3]

   **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge


Date:      October 17, 2005
cc:        Otis Daniels, *pro se*

---

   [2]Daniels would be well-advised to submit all of the relevant pleadings, notices of appeal, court decisions and other documents relevant to each of his claims demonstrating that the claims and the federal nature of the claims were in fact presented to the state courts as alleged in his amended petition notifying this Court that exhaustion has been completed.

   [3]If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Daniels' claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).