UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Otis Daniels

    v.                                      Civil No. 05-cv-348-JL

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility[1]

**O R D E R**

Before the Court is Otis Daniels' amended petition for a writ of habeas corpus (document no. 18), filed pursuant to 28 U.S.C. § 2254. Daniels initially filed a petition for a writ of habeas corpus on October 3, 2005, raising ten claims for relief (document no. 1). Daniels' initial petition demonstrated exhaustion of only one of the ten claims presented.

---

[1]Because petitioner is currently in custody under a State court judgment, the proper respondent is the state officer who has custody of petitioner. See Rule 2(a) of the Rules Governing § 2254 proceedings. Petitioner has named that officer, the warden of the prison where he is incarcerated. Petitioner has also named the New Hampshire Attorney General as a respondent to this action. The Attorney General need only be named as a respondent to a § 2254 petition when the petitioner is not yet in custody. See Rule 2(b) of the Rules Governing § 2254 proceedings. Accordingly, I will construe the petition as naming only the Warden of the New Hampshire State Prison as a respondent to this action.

On October 17, 2005, this Court issued an Order directing Daniels to amend his petition to demonstrate that all of the claims therein had been exhausted, or risk dismissal of the entire "mixed" petition (document no. 3). The Court subsequently stayed the case in this Court upon Daniels' request (document no. 4), allowing Daniels to return to the State courts to exhaust his previously unexhausted claims. Daniels was instructed to return to this Court and amend his petition, after completely exhausting each of the claims presented, to demonstrate the exhaustion of each of the claims raised in his petition.

Daniels returned to the State courts, filing a petition for a writ of habeas corpus in the Coos County Superior Court, and, when that petition was unsuccessful, appealing to the New Hampshire Supreme Court, where Daniels was denied relief. Daniels then returned to this Court, filing another document entitled "petition for a writ of habeas corpus pursuant to U.S.C. § 2254" (document no. 18), requesting that this Court rule on all of the habeas issues he had raised in this matter since October 5, 2005.

Daniels initially raised the following ten issues in this Court as claims for federal habeas relief:

1.  Daniels was denied due process rights guaranteed by the Fifth and Fourteenth Amendments when the trial court failed to suppress the out-of-court identification of him using a suggestive photographic line-up;

2.  Daniels was denied due process rights guaranteed by the Fifth and Fourteenth Amendments when he was denied court funds to consult with and utilize an expert in suggestive identification, cross-racial identification and eyewitness identification in contesting the admissibility of the out-of-court identification made pursuant to the allegedly suggestive photographic line-up;

3.  Daniels was denied his Sixth Amendment right to confrontation when he was denied the use of documentary and testimonial impeachment evidence;

4.  Daniels was denied his Fifth and Fourteenth Amendment rights to due process as well as his Sixth Amendment right of confrontation when the trial court denied his request for a mistrial when the prosecution withheld exculpatory impeachment evidence;

5.  Daniels was denied his Fifth and Fourteenth Amendment rights to due process as well as his Sixth amendment right of confrontation when the trial court refused to strike the testimony of a witness that petitioner was not able to fully impeach;

6.  Daniels was denied his Fifth Amendment right to be indicted by a grand jury when he was tried on an indictment brought by the prosecutor that was not presented to the grand jury;

7.  Daniels was denied his Sixth Amendment right to the effective assistance of trial counsel when his attorney failed to object to the indictment brought that was not presented to the grand jury;

>   8. Daniels was denied his Sixth Amendment right to the effective assistance of trial counsel when his attorney "failed to give the state's case against him a meaningful adversarial challenge";
>
>   9. Daniels was denied his Sixth Amendment right to the effective assistance of appellate counsel when his attorney omitted significant and meritorious issues from his appellate brief that were raised in his notice of appeal or otherwise preserved in the record;
>
>   10. Daniels was denied his Fifth and Fourteenth Amendment rights to due process when he was subjected to a malicious prosecution.

Daniels' subsequently filed amended petition added an additional issue to this matter, which I have numbered as #11 for the sake of clarity:

>   11. The trial court abused its discretion in placing a twenty-year "call back" window on his suspended sentence, exceeding the statutory maximum for such a sentence, in violation of Daniels' Fourteenth Amendment right to due process.

Daniels' initial petition (document no. 1) demonstrated exhaustion of issue #1, as numbered above. Daniels' filings pursuant to my October 17, 2005 Order to amend his petition demonstrate that Daniels returned to the State courts and completed exhaustion of several previously unexhausted claims. In the Coos County Superior Court habeas petition, filed October 25, 2005 and amended December 20, 2005, and his notice of appeal, filed in the New Hampshire Supreme Court on May 16, 2006, Daniels

exhausted claims #2 & #8-#11, as numbered above.  While Daniels has now demonstrated that these six claims are exhausted, he has neither demonstrated exhaustion of the five remaining claims, numbered #3-#7, nor asked this Court to voluntarily dismiss those claims.  Accordingly, the petition is still "mixed," as it contains both exhausted and unexhausted claims, and cannot proceed at this time.

Daniels is directed to again amend his complaint, within thirty days of the date of this Order, to either withdraw claims #3-#7, thereby leaving only exhausted claims for this Court's consideration, or to seek voluntary dismissal of the entire petition.[2]  Failure to amend the complaint as directed will result in my recommendation that the complaint be dismissed for

---

[2] While at this time Daniels has two options: dismiss his entire complaint, or dismiss his unexhausted claims and proceed on his exhausted claims, I must alert petitioner to the fact that if the petition, or any of its claims, is dismissed at this juncture, it is unlikely he will be able to raise the claims in a new petition, as the statute of limitations for filing a new habeas petition has already run in this case, and because 28 U.S.C. § 2244 prohibits him from filing successive habeas claims. See Pratt v. United States, 129 F.3d 54, 56-58 (1st Cir. 1997).

failure to demonstrate exhaustion of each of the claims presented.[3]

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:     March 6, 2008

cc:       Otis Daniels, pro se

---

[3] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Daniels' claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).