UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Otis Daniels

    v.                                     Civil No. 05-cv-348-JL

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility


**O R D E R**

Before the Court is Otis Daniels' petition for a writ of habeas corpus (document no. 1) and amended petition for a writ of habeas corpus (document no. 18).  When this matter initially came before the Court for preliminary review, I issued an Order on October 17, 2005, directing Daniels to amend his pleadings to demonstrate exhaustion of nine unexhausted claims.[1]  On November 1, 2005, I granted Daniels' motion to stay his petition so that he could return to the state courts and exhaust his nine unexhausted claims.

On November 5, 2007, Daniels filed his amended petition (document no. 18), which demonstrated exhaustion of four of the nine previously unexhausted claims, and the exhaustion of an

---

[1] The original petition for a writ of habeas corpus (document no. 1) contained ten claims, and demonstrated that one of those claims had been exhausted prior to filing.

additional claim, which he added to the action in his amended petition (document no. 18).  At that time, Daniels' filings failed to demonstrate exhaustion of five of the original claims.

On March 6, 2008, Daniels was directed to again amend his habeas petition, to either withdraw the unexhausted claims, or to voluntarily dismiss the entire petition.  Daniels has now written a letter to the Court requesting a stay in this matter to allow him to return to the State courts.  Alternatively, Daniels seeks to withdraw his unexhausted claims rather than risk dismissal of his entire petition.

Construing the letter from Daniels as a motion to stay or, in the alternative, to withdraw the unexhausted claims, I deny the motion to stay, and grant the motion to withdraw the unexhausted claims, numbered in my previous orders as claims #3-7.

Accordingly, claims #1, 2, and 8-11 in the petition and amended petition (document nos. 1 & 18) shall be served upon the Respondent, which shall file an answer or other pleading in response to the allegations made therein. See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring reviewing judge to order a response

to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service copies of this Order, my prior Orders in this case (document nos. 3 & 21).

The Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5, which sets forth the contents of the answer.

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorney(s).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    April 11, 2008

cc:    Otis Daniels, pro se